UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AMBER REID                                                                                                    Plaintiff

v.                                                                                          Civil Action No. 3:23-cv-00040-RGJ

ATLAS CARS, INC., ET AL.                                                                            Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

The Court declines to exercise supplemental jurisdiction over Plaintiff Amber Reid's ("Reid") remaining state law claims against Defendant Atlas Cars, Inc. ("Atlas"). As a result, the case is **REMANDED** to Hardin Circuit Court.

## I.  BACKGROUND

This action was originally filed in Hardin Circuit Court alleging violations of the Fair Credit Reporting Act ("FCRA") against Trans Union, as well as violations of the Kentucky Consumer Protection Act ("KCPA") and Kentucky's UCC laws against Atlas. [DE 1-2]. A Joint Motion for Severance [DE 17] was granted, and Trans Union was terminated as a party to this action on April 17, 2023. [DE 21]. When Trans Union was terminated, the action no longer included any federal law claims. [DE 1-2; DE 21]. Only the state law claims against Atlas remain. [DE 1-2]. No other motions were filed prior to Atlas's Motion for Partial Summary Judgment [DE 26].

## II.  STANDARD

The exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. The statute states that a court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction . . ." 28 U.S.C. § 1367(c)(3).

1

A district court's "decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). A court may remand *sua sponte* or by motion of a party. *See Olivares v. Performance Cont. Grp.*, 76 F. App'x 603 (6th Cir. 2003) (affirming a district court's *sua sponte* decision to decline supplemental jurisdiction over remaining state law claims).

"In determining whether to exercise supplemental jurisdiction, federal courts balance the values of judicial economy, convenience to the parties, fairness and comity to state courts." *Packard*, 423 F. App'x at 584 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010)). "Comity to state courts is considered a substantial interest; therefore, [the Sixth Circuit] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006)). "When all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing state law claims . . ." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996).

### III. ANALYSIS

Here, the three factors to be balanced counsel in favor of remand. Judicial economy favors remand as there is nothing to suggest that it would be unfair or inefficient to remand this action. Yet, it could be argued that it would be inconvenient to the parties to remand this action at the summary judgment phase. However, in this case, the convenience towards the parties does not

outweigh the concern over needlessly deciding novel state law issues, as will be discussed next. *See Packard*, 423 F. App'x 580 at 584. Only state law claims remain. [DE 1-2; DE 17; DE 26]. One issue to be resolved is whether under KRS § 355.9-627(2) a debtor can (1) prophylactically prevent a deficiency judgment, and (2) use the statute to expunge their credit report. Likewise, another issue is what constitutes a valid request for accounting and explanation of the claimed deficiency under KRS § 322.9-210 and KRS § 355.9-616. "When facing novel or complex state law, we "are to be cognizant that there may be 'nuances' of state law better left for resolution in the first instance by the state courts.*" Hasken v. City of Louisville*, No. 3:00CV–546–S, 2003 WL 25914386, at *2 (W.D.Ky. July 31, 2003) (citations omitted). Therefore, based upon the lack of clarity on these state law issues, it would be inappropriate for the Court to retain jurisdiction over this matter. *See Skipper v. Clark*, 150 F. Supp. 3d 820, 828 (W.D. Ky. 2015). Fairness and comity to the state courts weigh against supplemental jurisdiction. Thus, balancing the above factors, the Court declines to exercise supplemental jurisdiction over Reid's state law claims.

### IV. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the case is **REMANDED** to Hardin Circuit Court.

Rebecca Grady Jennings, District Judge
United States District Court

April 25, 2024